

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GUVEY DAVIS                          §
                                     §
VS.                                  §   CIVIL ACTION NO.4:13-CV-360-A
                                     §
EVELYN DAVIS                         §

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

 This case is a new civil action.

B. PARTIES

Guvey Davis is the plaintiff. The defendant is listed as Evelyn Davis.

C. LEGAL ANALYSIS

Plaintiff Guvey Davis accompanied the complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq*. That motion/application includes the income and asset information for the plaintiff. A review of the financial information submitted in the application/motion reflects that Guvey Davis receives $2500 a

---

[1]Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

month in disability payments. Courts consider social security payments in making the in-forma-pauperis determination.[2] Davis lists no dependents. The applicable poverty guidelines for a family of one is $11,490. At $2500 a month, Plaintiff's total annual disability compensation is $30,000, far above the poverty level. The information in this application shows that Davis has sufficient resources available to pay the filing fee. Thus, after review and consideration of the application/motion to proceed in forma pauperis filed by Guvey Davis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

<u>RECOMMENDATION</u>

It is therefore RECOMMENDED that Guvey Davis's February 11, 2013 motion/application to proceed in forma pauperis [docket no. 4] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

---

[2]*See, e.g.,Lewis v. Center Market, et al.*, 378 Fed. Appx. 780, 784-85 (10th Cir. May 17, 2010)(affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No.3:12CV738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013)(income includes social security payments), *rec. adopted,* 2013 WL 55065 (Feb. 12, 2013); *Mitchell v. Champs Sports*, 42 F.Supp. 2d 642, 648 (E.D. Tex. Dec. 15,1998).

[3]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 24, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until May 24, 2013 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED May 3, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE